UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PRESIDENT OF THE US,<br><br>    Defendant. | No. 2:25-cv-00154-DJC-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATION |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted and recommends this action be dismissed without leave to amend.

I. SCREENING

A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

1

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

      B.      The Complaint

Plaintiff's complaint is nonsensical and does not comply with Rule 8.  There is no jurisdictional statement, or statement of relief requested.  It is two-pages long and consists of only a few sentences.  The subject matter of the action is unclear because the complaint contains indecipherable phrases such as: "999 USD Quora's Number President Show Down and USD Infinite President Show down."  ECF No. 1 at 2.  Plaintiff further states: "You fight something can't win as achievement and obtain Medal of Honor award."  *Id.*  Another sentence mentions grass growing: "No longer case is destroy all location business, business building remove, replace with green grass grow . . . ".  *Id.*

      C.      Analysis

A complaint is frivolous if it lacks an arguable basis in law or fact.  The Court finds the complaint is frivolous.  Plaintiff has filed at least 25 actions in this Court since 2022.  In one recent case, *Chiu v. The President of the U.S.*, 23-cv-00097-DJC-JDP, the action was dismissed at screening with the Court noting the complaint "is largely unintelligible and contains no allegations concerning an identifiable incident."  *Id.*, ECF No. 6 at 2.  Therein the Court also noted that Plaintiff has filed several other actions "resembling in some ways the instant complaint, and none have survived screening."[1]  *Id.*, ECF No. 6 at 3 n.1.  This is another nonsensical and undecipherable complaint.

## II. AMENDING THE COMPLAINT

The Court has considered whether Plaintiff should be granted leave to amend.  The Court has liberally construed Plaintiff's pro se complaint and considered that generally pro se litigants are given an opportunity to amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)

---

[1] Some of these other cases include:  *Chiu v. Trump*, 22-cv-00764-KJM-AC (E.D. Cal. May 11, 2022) (dismissing complaint without leave to amend); *Chiu v. President of the United States*, 22-cv-00809-TLN-DB (E.D. Cal. Oct. 24, 2022) (dismissing complaint without leave to amend).

("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Here, the Court concludes that granting leave to amend would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."). Futility of amendment is also supported by the fact that Plaintiff has filed similar actions against the President in which the complaints suffered from similar deficiencies.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED; and

**IT IS FURTHER RECOMMENDED THAT**:

Plaintiff's complaint be dismissed without leave to amend and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: February 7, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE